UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY W. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-1386-SEP |
| | ) |
| UNIVERSAL PICTURES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Barry Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [6]. Based on the Application and the financial information submitted in support, the Application is granted. But for the reasons set forth below, the Complaint is dismissed.

**FACTS AND BACKGROUND**

Plaintiff brings this copyright infringement action against the film production company Universal Pictures. Doc. [1]. Plaintiff alleges that Universal used a script that he wrote without his permission. *Id.* at 5. Plaintiff seeks $20 million and recognition for his work on the unidentified project.[1] *Id.*

A review of this Court's records shows that Plaintiff has previously filed three similar cases with this Court. *See Jackson v. Universal Studios*, No. 4:21-cv-854-PLC (E.D. Mo. 2021); *Jackson v. TSG Entertainment*, No. 4:21-cv-927-RLW (E.D. Mo. 2021); *Jackson v. Universal (Studios) Pictures*, No. 4:23-cv-1101-PLC (E.D. Mo. 2023). All were dismissed upon initial review. *Id*. The Court takes judicial notice of those earlier proceedings. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (a court may take judicial notice of its own records).

---

[1] Plaintiff has filed several documents in addition to the Complaint, including: (1) a "Report on the Filing or Determination of an Action Regarding a Patent or Trademark," in which Plaintiff purports to notify the U.S. Patent and Trademark Office of this action; (2) a handwritten document titled "Simularity" in which Plaintiff appears to identify film scenes inspired by Harriet Tubman's life story; (3) a promotional flier from the St. Louis County Library for a program called "The True Story of the Exorcist"; and (4) a printout from the U.S. Copyright Office website relating to Plaintiff's copyright application for a three-part work called "Iron Queen" and another worked titled, "Extricate." *See* Docs. [2], [4].

Review of Missouri's online docketing system shows that Plaintiff has also filed several actions in state court. In 2019, Plaintiff sued the founders of Facebook, Twitter, and YouTube. *Jackson v. Zuckerberg*, No. 1922-CC00618 (22nd Jud. Cir. Mar. 22, 2019). During a hearing in that case, the judge found Plaintiff in civil contempt for cursing at him multiple times. The court eventually dismissed all claims. Plaintiff also sued Warner Brothers Films for allegedly stealing his "Iron Queen" script from his computer and using it to make the movie "Harriet." *Jackson v. Warner Brothers Films*, No. 1922-CC11738 (22nd Jud. Cir. Oct. 15, 2019). Warner Brothers moved to dismiss on the basis that Plaintiff's allegations were frivolous and failed to state a claim. The state court granted the motion and dismissed the case.

In 2020, Plaintiff filed four actions in state court alleging copyright infringement, two of which were against Universal. *See Jackson v. Universal Studio*, No. 20SL-CC00357 (21st Jud. Cir. Jan. 21, 2020); *Jackson v. Universal Studios*, No. 20SL-CC03946 (21st Jud. Cir. Aug. 7, 2020). Plaintiff claimed that Universal hacked his computer and stole his "Iron Queen" script. The court dismissed the first case after Plaintiff failed to pay the filing fee. Plaintiff filed the second action shortly thereafter and claimed that Universal stole his script from his laptop, rearranged it, and used it to produce the film "Harriet." That matter remains pending.

In another 2020 case, Plaintiff sued "Paramount Films" for stealing his script to make the movie "X-Men Apaculpse [sic]." *Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir. Jan. 21, 2020). The case was dismissed when Plaintiff failed to pay the filing fee. Later in 2020, Plaintiff sued "Twenty Century Fox ENT" for stealing his script "Extricate" and making billions of dollars from it without giving him a "dime." *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st Jud. Cir. May 7, 2020). The state court dismissed the matter in March 2022 for Plaintiff's failure to prosecute. The Court takes judicial notice of those public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

U.S. 319, 328 (1989).  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A "liberal construction" means "that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  Still, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.  *Stone*, 364 F.3d at 914-15 (8th Cir. 2004).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

After a careful review and liberal construction of the Complaint, the Court concludes that Plaintiff has failed to state a plausible copyright infringement claim.  "To prevail on [a] copyright infringement claim, [a plaintiff] must prove 'ownership of a valid copyright and copying of original elements of the work.'" *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005) (quoting *Mulcahy v. Cheetah Learning*, LLC, 386 F.3d 849, 852 (8th Cir.2004)).  A plaintiff may establish the "copying" element by presenting direct evidence, or by showing that the defendant had access to the copyrighted materials and that a "substantial similarity" exists between the alleged infringing materials and the copyrighted materials.  *Id.* at 964.

Plaintiff asserts only that Universal used his script without permission.  Plaintiff does not identify a particular script or copyrighted work.  Plaintiff also fails to establish ownership of a copyright or show that Universal copied original elements of his work.  Based on the allegations

3

in the Complaint, the Court cannot draw a reasonable inference that Universal is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint is also frivolous.  Plaintiff's claim that Universal owes him $20 million because it stole his creation and used it to make a movie is not grounded in facts.  Plaintiff's allegations are "clearly baseless" under the standard set forth in *Denton v. Hernandez*.  504 U.S. 25 (1992) (allegations are "clearly baseless" if they are fanciful, fantastic, or delusional, or if they "rise to the level of the irrational or the wholly incredible").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [5], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of April, 2024.

                                                /s/ Sarah E. Pitlyk
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE